IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN BEHRMANN and NANCY BEHRMANN, Derivatively on Behalf of Nominal Defendant DENTSPLY SIRONA, INC.,<br><br>Plaintiffs;<br><br>v.<br><br>ERIC K. BRANDT, MICHAEL C. ALFANO, DAVID K. BEECKEN, MICHAEL J. COLEMAN, WILLIE A. DEESE, THOMAS JETTER, ARTHUR D. KOWALOFF, HARRY M. JANSEN KRAEMER, JR. and FRANCIS J. LUNGER,<br><br>Defendants,<br><br>DENTSPLY SIRONA INC., a Delaware Corporation,<br><br>Nominal Defendant. | Civil Action No. 19-772-RGA |

MEMORANDUM OPINION

Ryan M. Ernst, O'KELLY ERNST & JOYCE, LLC, Wilmington, DE; Thomas J. McKenna, Gregory M. Egleston, GAINEY McKENNA & EGLESTON, New York, NY.

Attorneys for Plaintiffs.

Paul J. Lockwood, Jenness E. Parker, Veronica B. Bartholomew, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, Wilmington, DE.

Attorneys for Defendants.

September 25, 2020

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

  This is a shareholder derivative suit brought on behalf of Dentsply Sirona Inc. seeking redress for "injuries suffered and to be suffered" by the company on account of Director Defendants' breaches of fiduciary duty and other wrongs. (D.I. 11 at 99).[1] Defendants filed a motion to dismiss with prejudice on three grounds: failure to meet the demand requirement under Rule 23.1; failure to state a claim for which relief can be granted under Rule 12(b)(6); and failure to plead with particularity under Rule 9(b). (D.I. 15; D.I. 16 at 1-3). I referred the motion to a Magistrate Judge, who duly issued a Report and Recommendation (hereinafter "Report"). (D.I. 24). The Report recommended granting Defendants' motion to dismiss with prejudice.

  Before me are Plaintiffs' Objections to the Report (D.I. 25) and Defendants' Response (D.I. 26). I have considered the parties' briefing and I now review the objections *de novo*.

**I. BACKGROUND**

  In their motion to dismiss, Defendants argued that the amended complaint should be dismissed for its failure to plead demand futility with the necessary level of specificity under Rule 23.1. (D.I. 16 at 11). The Report recommended dismissal on this ground, finding that Plaintiffs did not sufficiently plead that demand would have been futile. (D.I. 24 at 42). In support of this recommendation, the Report concluded that Plaintiffs did not adequately plead demand futility based on Director Defendants' potential liability in other securities actions or based on Director Casey's lack of independence. (*Id.* at 11, 13). Further, the Report stated that the amended complaint failed to adequately plead a material misstatement or omission by Director Defendants. (*Id.* at 14). Therefore, according to the Report, Plaintiffs' allegations that

---

[1] The complaint is over 100 pages long. In my experience, complaints of such length are usually a sign of weakness.

demand is excused fail because Director Defendants do not face a substantial likelihood of liability for making or knowingly permitting misrepresentations regarding Dentsply's finances. (*Id.*). The Report also determined that the valuations of goodwill and intangible assets and Directors' statements about future prospects were not actionable misstatements. (*Id.* at 16, 17, 21). The Report concluded that Plaintiffs did not plead sufficient facts to establish scienter and to allege Defendants' knowledge of the anticompetitive scheme among its distributors. (*Id.* at 28).

In addition, the Report recommended dismissal of Plaintiffs' federal securities claims for failure to satisfy the "particularity" requirement under Rule 23.1. (*Id.* at 36). The Report noted that the federal securities claims are largely based on the same allegations as the state claims, amounting to "an impermissible repackaging of deficient state law claims," and lack the requisite particularity of the heightened pleading requirements imposed by the Private Securities Litigation Reform Act of 1995 and Rule 9(b). (*Id.* at 36-37).

The Report concluded that Defendants' Motion to Dismiss should be granted with prejudice based on Plaintiffs' failure to plead demand futility under Rule 23.1. (*Id.* at 42). Plaintiffs object to the Report on four grounds. (D.I. 25). Defendants respond that the Report did not err in any of the analyses to which Plaintiffs object. (D.I. 26 at 1).

## II.     LEGAL STANDARD

A magistrate judge may make a report and recommendation regarding a case-dispositive motion. *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 444 (3d Cir. 2005). Under the Local Rules of this Court, a motion to dismiss is considered a dispositive motion. D. Del. LR 72.1(3). "When reviewing the decision of a Magistrate Judge on a dispositive matter, the Court conducts a *de novo* review." 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b)(3); *Masimo Corp. v. Philips Elec. N.*

3

*Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014). The Court may "accept, reject, or modify the recommended disposition…" of the magistrate judge. FED. R. CIV. P. 72(b)(3).

In their objections, Plaintiffs have asked for leave to replead their complaint. (D.I. 25 at 1). Leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Third Circuit has a generous view of allowing amended pleadings, noting that the district court's discretionary decision to grant or deny leave to amend should be "exercised within the context of liberal pleading rules." *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 945 F.2d 874, 886 (3d Cir. 1992). Amendment should be permitted whenever there is no undue delay, bad faith on the part of the plaintiff, or prejudice to the defendant due to a delay. *Adams v. Gould, Inc.*, 739 F.2d 858, 867-68 (3d Cir. 1984). A court may deny permission to amend if such amendment would be futile. *Alvin v. Suzuki*, 227 F.3d 107, 123 (3d Cir. 2000). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief can be granted." *Alvin*, 227 F.3d at 123.

### III. ANALYSIS

First, Plaintiffs object to the Report's determination that Director Defendants do not face potential liability in the other two pending suits related to this case. (D.I. 25 at 1). Plaintiffs state that the Section 11 State Class Action is on appeal at the New York Supreme Court, Appellate Division, and the Securities Class Action is an active case in the Eastern District of New York. (*Id.* at 1-2). While the Report determined that Plaintiffs did not show sufficient support that Director Defendants' potential liability in those suits caused demand to be futile, Plaintiffs object, arguing that both cases are still active. (D.I. 24 at 11-12; D.I. 25 at 1-2). Thus, according to Plaintiffs, Director Defendants are still facing potential liability, excusing Plaintiffs from the demand requirement, as demand would be futile. (D.I. 25 at 1-2).

4

Second, Plaintiffs object to the Report's conclusion that Plaintiffs' amended complaint insufficiently pled that non-party Director Casey lacks independence. (*Id.* at 3). The Report concluded that Plaintiffs did not allege that Casey's salary allows the board to exert influence over him and therefore did not adequately plead that Casey lacks independence. (D.I. 24 at 13). In support of their objection, Plaintiffs cite cases in which courts expressed doubts as to the independence of a director who is also an officer of the company, due to the director's substantial financial interest in maintaining his or her employment positions. (D.I. 25 at 3-4).

Third, Plaintiffs object to the Report's goodwill calculation analysis. (*Id.* at 4). The Report concluded that the amended complaint did not adequately plead a material misstatement or omission by Director Defendants. (D.I. 24 at 14). The Report stated that the amended complaint did not adequately allege that Director Defendants had knowledge of Patterson's inventory glut and the distributors' anticompetitive scheme in Dentsply's goodwill calculations. (*Id.* at 16). Due to these inadequate allegations of Director Defendants' knowledge, the Report concluded that Plaintiffs had not sufficiently pled a material misstatement or omission by Director Defendants. (*Id.*). Specifically, the Report stated that where the alleged omission is based on the timing of an accounting write down, the pleading needs to include factual allegations from which a reader could infer defendants intentionally or recklessly failed to take write downs previously. (*Id.* at 16-17). Here, the Report concluded, Plaintiffs did not make such a showing, and the allegations were merely disagreements with Defendants' business judgment, not actionable misstatements. (*Id.* at 17). In addition to objecting to these conclusions, Plaintiffs stated that with leave to replead they would bolster their allegations as to Director Defendants' knowledge. (D.I. 25 at 5).

Fourth, Plaintiffs object to the Report's conclusion that the amended complaint did not adequately address the role of each Director Defendant in the anticompetitive scheme. (*Id.* at 5). The Report recommended dismissal of Plaintiffs' federal securities claims for failing to meet the particularity requirement under Rule 23.1. (D.I. 24 at 36). The Report determined that the allegations cited by Plaintiffs "lack the requisite particularity under this standard," as the complaint did not address the individual roles of each Director Defendant. (*Id.* at 37). Further, the Report concluded that Plaintiffs' "federal securities claims amount to an impermissible repackaging of deficient state law claims." (*Id.* at 38). Plaintiffs concede that they are required to raise a "cogent and . . . compelling" inference that Director Defendants were aware[2] of the anticompetitive scheme in order to show Defendants' scienter for the federal securities claims. (D.I. 25 at 5). Regarding this issue, Plaintiffs ask for leave to replead to more clearly make allegations of Director Defendants' scienter. (*Id.* at 6).

In sum, the Report concluded that the motion to dismiss should be granted with prejudice due to Plaintiffs' deficiencies in the pleadings: not meeting the Rule 23.1 demand requirement and not pleading their allegations with the necessary particularity. (D.I. 24 at 42). The Report recommended dismissal with prejudice, as Plaintiffs have amended the pleading once as a matter of right and did not offer specific explanations for how the deficiencies in the pleading could be cured. (*Id.* at 43 n. 13). In their objections, Plaintiffs have asked for leave to replead their complaint. (D.I. 25 at 6, 8, 10).

---

[2] Plaintiffs state that "should have been aware" also meets the scienter requirement (D.I. 25 at 5) without citing any law in support. Defendants note that scienter requires an intent to deceive, manipulate or defraud. *In re: Hertz Global Holdings Inc.*, 905 F.3d 106, 114 (3d Cir. 2018). "Should have known" does not meet that standard.

It is difficult to say that amendment would necessarily be futile in this case. Plaintiffs' objections to the Report centered on their ability to cure the complaint's deficiencies, not on any claim that the Report used improper legal standards. (*Id.* at 3, 5, 7). In making their objections, Plaintiffs have asked for the opportunity to replead many of their claims. (*Id.* at 6, 8, 10). Plaintiffs expressed an ability to "bolster their allegations" and to "more clearly make these allegations." (*Id.* at 8, 10). In the "context of liberal pleading rules," leave to amend the pleadings should be given "freely" when "justice so requires." *Berkshire Fashions, Inc.*, 954 F.2d at 886; FED. R. CIV. P. 15(a).). In this case, as Plaintiffs have represented an ability to strengthen and clarify their allegations, and I am not persuaded that they cannot, I think the better course would be that they have the opportunity to do so. With amendment, it is possible that Plaintiffs' claims, or some of them, would survive a motion to dismiss, in which case, amendment would not be futile.

Defendants rightfully note that Plaintiffs have offered nothing concrete as to how any amendments would actually overcome the various deficits in their amended complaint. (D.I. 26 at 5). Thus, I will permit Plaintiffs to file a motion for leave to amend the complaint, which will have to comply with the Local Rules for amending complaints. Plaintiffs will need to specifically address in their opening brief how the new material in the proposed amended complaint cures the deficiencies noted by the Magistrate Judge. I will overrule objections to the Report and allow Plaintiffs to file a motion in an attempt to replead their complaint.

## IV. CONCLUSION

For these reasons, I OVERRULE Plaintiffs' Objections (D.I. 25), ADOPT the Magistrate Judge's Report (D.I. 24), GRANT Defendants' Motion to Dismiss (D.I. 11), but MODIFY the

dismissal to be without prejudice, and GRANT Plaintiffs three weeks from the filing of this opinion to file a motion for leave to replead their complaint.

    A separate order will be entered.